UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Chapter 7

EMMERICH HANDLER,
a/k/a ISAAC HANDLER and                                   Case No. 00-14960-CEC
RITA HANDLER
a/k/a/ RIFKA HANDLER

                              Debtors.
--------------------------------------------------------x
ISRAEL WEINSTOCK,

                              Plaintiff,

            -against-                                     Adv. Pro. No. 04-01174-CEC

EMMERICH HANDLER, JACK WALKER,
KAMINETZER YESHIVA OF JERUSALEM,
and DAVID J. DOYAGA, as Trustee of the
Estate of Emmerich and Rita Handler,

                              Defendants.
--------------------------------------------------------x


                 <u>DECISION ON MOTION FOR RECONSIDERATION</u>

APPEARANCES:

Israel Weinstock                        Wayne M. Greenwald, Esq.
140-06 Rockaway Beach Blvd              99 Park Avenue
Belle Harbor, New York 11694           Suite 800
Plaintiff                              New York, New York 10016
                                       Attorney for Jack Walker


Gary F. Herbst, Esq.                    Emmerich Handler, Esq.
LaMonica Herbst and Maniscalco          Rita Handler
3305 Jerusalem Avenue                   1537 50th Street
Wantagh, New York 11793                 Brooklyn, New York 11219
Attorneys for the Chapter 7 Trustee     Debtors


              CARLA E. CRAIG, United States Bankruptcy Judge


G:\Handler\Weinstock\Reconsideration Decision v6.wpd

1

This matter comes before the Court on the motion of plaintiff, Israel Weinstock, seeking reconsideration pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Rules") of the judgment dismissing this adversary proceeding entered on March 18, 2005.  The judgment is based upon a Decision entered on February 14, 2005.  For the reasons set forth below, reconsideration is granted and the judgment is vacated to the extent set forth herein.

<u>Standard Under Rule 9023</u>

Rule 9023 incorporates by reference Fed. R. Civ. P. 59(e), which provides that a motion to alter or amend a judgment may be filed no later than 10 days after entry of judgment. <u>Wight v. BankAmerica Corp.</u>, 219 F.3d 79, 84 (2d Cir. 2000).  In order to be successful, a motion to alter or amend a judgment must show that the court "overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court."  <u>Cioce v. County of Westchester</u>, 2005 U.S. App. LEXIS 6587 (2d Cir. 2005), <u>quoting</u> <u>Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)</u>, 330 F.3d 111, 123 (2d Cir. 2003); <u>Adams v. United States</u>, 686 F. Supp. 417, 418 (S.D.N.Y. 1988), <u>citing</u> <u>Bozsi Limited Partnership v. Lynott</u>, 676 F. Supp. 505, 509 (S.D.N.Y. 1987); <u>Caleb & Co. v. E. I. Du Pont de Nemours & Co.</u>, 624 F. Supp. 747 (S.D.N.Y. 1985); <u>New York Guardian Mortgagee Corp. v. Cleland</u>, 473 F. Supp. 409, 421 (S.D.N.Y. 1979); <u>United States v. Int'l Business Machines Corp.</u>, 79 F.R.D. 412, 414 (S.D.N.Y. 1978); <u>see also</u> <u>Park South Tenants Corp. v. 200 Central Park South Associates, L.P.</u>, 754 F. Supp 352, 354 (S.D.N.Y. 1991), <u>aff'd</u>, 941 F.2d 112 (2d Cir. 1991).  Such a motion may not be used to relitigate matters previously determined or to raise a new legal theory or to present evidence that could have been presented prior to the entry of judgment. <u>Ryan v. Sullivan, Hill, Lewin, Rez, Engel & Labazzo</u>, 2005 U.S. Dist. LEXIS 2122 (D. Conn., 2005), <u>quoting</u> <u>Schonberger v. Serchuk</u>, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)

(motions made  pursuant to Rule 59(e) must adhere to stringent standards to prevent "wasteful repetition of arguments already briefed, considered and decided"); In re Williams, 188 B.R. 721, 725 (Bankr. D. R.I. 1995) (Rule 59(e) may not be used to rehash arguments already rejected by court or for refuting court's prior decision); Diebitz v. Arreola, 834 F. Supp 298, 302 (D. Wis. 1993) (motion to alter or amend not designed to relitigate old matters); In re Dyke, 2004 WL 1171721, 102 (Bankr. D.N.H. 2004), citing 11 Wright, Miller & Kane, Federal Practice and Procure: Civil § 2810.1 (2d ed.1995).

Weinstock alleges in this adversary proceeding that the determinations of the state court in Walker v. Weinstock, 173 Misc. 2d 1; 658 N.Y.S.2d 167 (Sup. Ct. Kings Co. 1997), aff'd 255 A.D.2d 508, 680 NYS2d 177 (2d Dep't 1998) were a result of collusion among several judges, the Debtor, Walker, Kaminetzer Yeshiva of Jerusalem, and the law firm of Cleary, Gottlieb, Steen & Hamilton ("Cleary").  In Walker v. Weinstock, the state court rejected Weinstock's claim to be owner of 4200 Avenue K Realty Corp., and found that the purported transfer by Walker (Weinstock's former client) to Weinstock of the stock of that corporation must be set aside as unconscionable, and as the consequence of overreaching and undue influence by Weinstock over his client, Walker.  658 N.Y.S.2d at 171.  In affirming that judgment, the Appellate Division held that

> [t]he trial evidence amply supports the Supreme Court's
> determination, *inter alia*, that the appellants Israel Weinstock and JB
> Trading International, Ltd., had no interest in 4200 Avenue K Realty
> Corporation or the property owned by that corporation.  The terms
> of, and the circumstances surrounding, the assignments through
> which the appellants claim ownership rendered those assignments
> void as the products of coercion and overreaching.

Walker v. Weinstock, 255 A.D.2d 508; 680 N.Y.S.2d 177.

At the same time as it affirmed the trial court on the merits, the Appellate Division affirmed the

Supreme Court's denial of Weinstock's motion to vacate the judgment, holding :

> Upon their motion to vacate the judgment, the appellants failed to
> present either new evidence which, if introduced at trial, would have
> produced a different result (see CPLR 5015[a][2]), or any evidence of
> fraud on the part of the plaintiffs (see CPLR 5015[a][3]).  Therefore,
> the motion was properly denied.

Id.

Weinstock alleges that the Debtors and Cleary, in collusion with various state

court judges,  worked to strip him of his interest in 4200 Avenue K Realty Corp., which

Weinstock claimed to have acquired from Walker, and that they arranged to have him disbarred

to prevent him from recovering that interest, and to cover their tracks.  In Weinstock's disbarment

proceedings, the Appellate Division, Second Department found, among other things, that based

upon the facts found by the trial court in Walker v. Weinstock, Weinstock engaged in conduct

involving overreaching and coercion that adversely reflected upon his fitness to practice law.  In

re Weinstock, 292 A.D.2d 1, 2-3; 740 N.Y.S.2d 128 (2d Dep't 2002).  Weinstock seeks in this

adversary proceeding to have the state court judgment in Walker v. Weinstock set aside as void

under the due process clause of the Fourteenth Amendment, and seeks disgorgement from

defendants Walker and Handler of their "enhanced misbegotten gains traceable to the void

judgment."  (Verified First Amended Complaint For Equitable Relief, p. 39.)

In the Decision entered February 14, 2005, Weinstock v. Handler (In re Handler),

321 B.R. 632 (Bankr. E.D.N.Y. 2005), this Court concluded that the Rooker-Feldman doctrine

requires dismissal of this adversary proceeding, because the claims asserted here can succeed

only if determinations of the Supreme Court, Kings County and Appellate Division, Second

Department in Walker v. Weinstock are incorrect.  The reasoning behind that conclusion is

discussed at length in the Decision, and will not be repeated here.

Weinstock contends on this motion that <u>Griffith v. Bank of New York</u>, 147 F.2d 899 (2d Cir. 1945), constitutes controlling law, which, if properly considered, would have compelled a different outcome.

This Court disagrees.  First of all, <u>Griffith</u> does not address the applicability of the <u>Rooker-Feldman</u> doctrine at all.  Indeed, <u>Griffith</u> predates by 38 years the Supreme Court's decision in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and must be understood in light of the volume of case law developing the <u>Rooker-Feldman</u> doctrine since that date.

<u>Griffith</u> is based upon an analysis of principles of *res judicata* and the facts of that case differ significantly from those presented here.  <u>Griffith</u> was a diversity action by an heir against a bank which had served as testamentary trustee, seeking an accounting and damages. The bank raised the defense of *res judicata*, relying on two state court orders: (1) a consent judgment of Supreme Court, New York County settling the bank's account as trustee, and (2) a Surrogate's Court order dismissing a petition seeking resettlement of this account by reason of claimed duress by the defendant in the procurement of the consent judgment.  *Res judicata* did not prevent collateral attack on the consent judgment on grounds of alleged duress, the Second Circuit held, because " . . . the very duress by which the release or consent is obtained also prevents the coerced party from challenging before or at trial the statements or conduct of its adversary.  Thus in the original action the issue of duress never is before the court."  <u>Id.</u> at 902. The Second Circuit also found that the Surrogate's Court's order dismissing the heir's petition for resettlement of the account did not constitute *res judicata* preventing collateral attack on the consent judgment because the Surrogate's "opinion does show clearly that decision is not on the

merits, but is only because relief was sought in the wrong court." Id. at 903.

Here, the decision that Weinstock seeks to attack in federal court – the final judgment of Supreme Court, Kings County in Walker v. Weinstock – was plainly on the merits, and was affirmed on the merits by the Appellate Division, Second Department.  Moreover, the trial court's denial of Weinstock's motion to vacate the judgment pursuant to CPLR 5015(a)(2) (which provides for relief from a judgment on the grounds of newly-discovered evidence which, if introduced at trial, would probably have produced a different result), and CPLR 5015(a)(3) (which provides for relief from a judgment on the grounds of fraud, misrepresentation or other misconduct of an adverse party) was also affirmed; in that decision, the Appellate Division found that there was no "evidence of fraud on the part of the plaintiffs." Walker v. Weinstock, 255 A.D. at 508.

Moreover, although the application of Rooker-Feldman and *res judicata* often produce similar outcomes, there is a distinction between the doctrines that is fatal to Weinstock's efforts to invoke Griffith as authority for maintaining this action.  This distinction is illustrated in Smith v. Weinberg, 994 F. Supp. 418 (E.D.N.Y. 1998).  There, the plaintiff asserted a claim for conversion, alleging that the defendants wrongfully obtained a default judgment of foreclosure in state court by means of deceit and fraud.  The Court rejected the defendant's argument that the plaintiffs' claims were barred by the doctrine of *res judicata* based on the foreclosure judgment, noting that under New York law, the doctrine of *res judicata* does not bar a collateral attack on a judgment that was procured by fraud.  Id. at 421.  However, on a subsequent motion for summary judgment, the Court dismissed plaintiffs' claims based on the Rooker-Feldman doctrine, holding that "[t]he fact that the plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman." Id. at 424.  "As the Supreme Court

noted in Rooker, even if the judgment was wrongly procured, it is, nevertheless, an effective and conclusive adjudication until modified or reversed in the appropriate State appellate or collateral proceeding." Id.

Other courts have also found that Rooker-Feldman applies even when there are allegations that the state court proceedings were tainted by fraud. In Levitin v. Hamburger, 932 F. Supp. 508, 513 (S.D.N.Y. 1996), aff'd, 107 F.3d 3 (2d Cir. 1997), for example, the plaintiff claimed that defendants colluded to conduct a sale of his partnership interest without his knowledge and committed other violations of due process, including bribing the referee. The court found that these claims, which amounted to a request that the District Court review the judgment rendered in the state proceeding and readjudicate his claims, were barred by Rooker-Feldman. Accord, Zipper v. Todd, 197 U.S. Dist. LEXIS 4770, 1997 WL 181044 * at 1-3 (S.D.N.Y. 1997) (finding that Rooker-Feldman prohibited a federal challenge to a state court order of liquidation, holding that "plaintiffs' allegations of fraud . . . are unavailing").

The same result must be reached here. Weinstock seeks to have the judgment of the state court in Walker v. Weinstock set aside. This is the paradigm of the type of case which must be dismissed under Rooker-Feldman, which, as the Supreme Court recently explained, applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1521-1522; 161 L.Ed.2d 454 (2005).

This is not the first time Weinstock has brought suit in federal court based upon the allegations made in this adversary proceeding. In Weinstock v. Huttner et al., CV-03-741, Weinstock sued the judges of the Supreme Court, Kings County and Appellate Division, Second

Department who had decided against him in <u>Walker v. Weinstock</u> (and who had also been members of the judicial panel in his disbarment proceedings), as well as two Grievance Committee staff members, seeking (among other things) declaratory judgments that these state court proceedings had violated his Constitutional rights.  This action was dismissed *sua sponte* by the District Court.  Among the grounds for dismissal was the District Court's conclusion that the <u>Rooker-Feldman</u> doctrine deprived the court of subject matter jurisdiction to hear the claims, which were inextricably intertwined with the state court disbarment proceedings.  (Memorandum Order dated April 7, 2003 (Trager, J.).)

<u>Leber-Krebs, Inc. v. Capitol Records</u>, 779 F.2d 895 (2d Cir. 1985), also cited by Weinstock as controlling authority overlooked by this Court, has even less applicability to this case.  <u>Leber-Krebs</u> does not implicate the <u>Rooker-Feldman</u> doctrine, as it does not involve an attempt to challenge a prior state court determination in federal court.  Rather, <u>Leber-Krebs</u> deals with a federal court challenge to a judgment previously obtained in federal court, and is based upon, among other things, the application of Fed. R. Civ. P. 60(b).

Weinstock also contends that because this is a non-core proceeding, this Court should not have dismissed the complaint, but rather should have issued a report and recommendation to the District Court pursuant to Bankruptcy Rule 9033.  Although it may be noted that this method of proceeding had no substantive impact on Weinstock's rights, given that a judgment dismissing the complaint, like proposed findings and conclusions under Rule 9033, is subject to *de novo* review, it is appropriate to vacate the judgment, and to incorporate this Court's

prior decision and this decision in a report and recommendation to the District Court, which is

being issued herewith.

Dated: Brooklyn, New York
      May 17, 2005


                  */s/ Carla E. Craig*
                    CARLA E. CRAIG
          United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                      Chapter 7

EMMERICH HANDLER,
a/k/a ISAAC HANDLER and                                     Case No. 00-14960-CEC
RITA HANDLER
a/k/a/ RIFKA HANDLER

                              Debtors.

--------------------------------------------------------x

ISRAEL WEINSTOCK,

                    Plaintiff,

          -against-                                         Adv. Pro. No. 04-01174-CEC

EMMERICH HANDLER, JACK WALKER,
KAMINETZER YESHIVA OF JERUSALEM,
and DAVID J. DOYAGA, as Trustee of the
Estate of Emmerich and Rita Handler,

                              Defendants.

--------------------------------------------------------x

MAILING CERTIFICATE

          I, Vivian Greene, Judicial Assistant to the Honorable Carla E. Craig, hereby
affirm that on May 17, 2005 a copy of an Order was delivered to the parties named below by
United States Postal Service first class mail, telecommunication, facsimile or any other delivery
method, as follows:

| | |
|---|---|
| Israel Weinstock | Wayne M. Greenwald, Esq. |
| 140-06 Rockaway Beach Blvd | 99 Park Avenue |
| Belle Harbor, New York 11694 | Suite 800 |
| Plaintiff | New York, New York 10016 |
| | Attorney for Jack Walker |
| | |
| Gary F. Herbst, Esq. | 3305 Jerusalem Avenue |
| LaMonica Herbst and Maniscalco | Wantagh, New York 11793 |

Attorneys for the Chapter 7 Trustee

Emmerich Handler, Esq.
Rita Handler
1537 50th Street
Brooklyn, New York 11219
Debtors

Dated: Brooklyn, NY
       May 17, 2005

       */s/ Vivian Greene*
       Vivian Greene